FORT WORTH & DENVER CITY RAILWAY COMPANY v. J. PETERSON.

Decided December 15, 1900.

1. **Railway Company—Ejectment of Passenger from Freight Train.**

In an action against a railway company for the ejectment of plaintiff from a freight train, he having obtained a permit to ride thereon from defendant's local agent, it was error for the court to submit to the jury as an issuable fact the authority of the agent to issue such permit, where the evidence was undisputed that he had no such authority, and the error was not cured by a further charge to find against plaintiff if the authority to issue permits had been revoked.

2. **Same—Degree of Care—"Humane Person."**

A charge that the conductor, in ejecting plaintiff, was required "to exercise such care to avoid unnecessary injuries to plaintiff's feelings and person as a humane person of ordinary prudence would usually exercise with reference to a similar matter," required, it seems, in the use of the word "humane," a higher standard than the law fixes.

APPEAL from Tarrant. Tried below before the Hon. W. D. HARRIS.

*Stanley, Spoonts & Thompson,* for appellant.

*Wynne, McCart & Bowlin,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee obtained a permit from appellant's local agent at Rhome station to ride on a freight train to Fort Worth, and was ejected from the train by the conductor because

the rules of the company did not allow him to carry passengers on freight trains.  This action was consequently brought to recover damages, and resulted in a verdict and judgment in his behalf, from which this appeal is prosecuted.

The first error is assigned to the charge of the court for submitting to the jury, as an issuable fact and ground of recovery, whether the agent at Rhome had authority to issue the permit in question, "as there was no proof of such authority in the agent, and the proof was conclusive that the agent did not have such authority."  Under repeated decisions in this State, this assignment must be sustained.  The evidence did not admit of a finding that the agent had any such authority, but on the contrary showed beyond question that he acted through mistake and in ignorance of the rule of the company which prohibited the issuance of such permits on that division of the road, he having just been transferred from a division where a different rule prevailed.

This error in the charge was by no means cured, as appellee seems to contend, by the further instruction to the jury to find against appellee on this issue if the authority to issue permits had been revoked.  Indeed, that instruction seems to add force to the objection urged in the assignment to the charge complained of, because it contained the suggestion that in addition to finding that the company had made and issued the order prohibiting agents from issuing permits, they should further find that the "order was in force," which was calculated to suggest to the minds of the jury the idea that the nonobservance of the order by the agent in this instance might be considered by them as showing that the order was not in force, and hence of no effect.

As the judgment must be reversed, we will consider some other objections to the charge, but without determining whether the assignments urging them would require us to reverse the judgment.  Among these is the objection that the pleading and evidence did not warrant the submission of the issue of liability on the ground that appellee was ejected at an improper and unsuitable place.  It is questionable, we think, whether, as a distinct ground of recovery, this issue should have been submitted to the jury.

In submitting the main and substantial, if not the only real, issue in the case, as to the manner in which appellee was ejected from the train, the charge is also complained of for exacting a higher standard than the law fixes, in that it was held to be the duty of the conductor to "exercise such care to avoid unnecessary injuries to plaintiff's feelings and person" as a "humane person of ordinary prudence would usually exercise with reference to a similar matter."  We concur with appellant that the word "humane" should have been excluded from this charge as unnecessary and suggestive of a somewhat new and probably higher standard of liability than that recognized by the law, as will appear from the following definition quoted from the Standard dictionary:

"Humane denotes what may rightly be expected of mankind at its best in the treatment of sentient beings."

The judgment is therefore reversed, and the cause remanded for a new trial.

*Reversed and remanded.*